# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

SALLEY STOREY,

                Plaintiff,                 Case No.: 15-cv-00726-JHP-TLW

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY et al,

                Defendant(s).

## SETTLEMENT CONFERENCE ORDER

This case is scheduled for a Settlement Conference before **Adjunct Settlement Judge Richard D. Marrs** on **7/28/2016** at **9:30 a.m.**. The Parties shall report to the Page Belcher Federal Courthouse, 333 West Fourth Street, Courtroom # 2, Third Floor, Tulsa, Oklahoma. General information about the Settlement Conference process in this Court, as well as specific information about the Parties' obligations and responsibilities and dates for compliance are set forth on the following pages. Counsel **must** be familiar with the provisions of this Order.

### I.
### *CONFERENCE OBLIGATIONS*

Counsel are directed to discuss the Settlement Conference, the requirement of full settlement authority and parameters of settlement with their clients and insurance representatives before the Conference. Counsel should discuss settlement with their clients and with each other so that all settlement issues have been identified and the elements of a settlement have been explored well in advance of the Conference.

**(A)**     **Settlement Conference Statement**

Prior to the Settlement Conference, each side must provide a written Settlement Conference Statement outlining the Party's position on settlement of the case. These statements shall be no more than five (5) pages in length and are **not to be filed.** All communications related to the Settlement Conference Statements and the Conference itself are strictly confidential. The Statements should be submitted directly to the Judge(s) indicated below:

    **United States Magistrate Judge Paul J. Cleary**
    333 W 4th Street, U.S. Courthouse
    Tulsa, OK 74103

**Adjunct Settlement Judge Richard D. Marrs**
The Marrs Law Firm
Reunion Center
9 E. 4th Street, Ste 900
Tulsa, OK 74103

In the Settlement Conference Statement each side should outline its view of the material legal and factual issues that it believes will determine the outcome of the case; however, the purposes of the Settlement Conference are not served when counsel makes statements of the type generally expected during closing argument.

**Plaintiff:** On or before **7/14/2016**, the Plaintiff must provide to all opposing counsel, the Assigned Settlement Judge(s) (listed above) a Settlement Conference Statement. This Statement **must** also include the following:

- The name and role of each person expected to attend the Conference;
- The name and title of the person expected to attend with settlement authority[1]
- A summary of claims;
- An itemization of damages;
- A discussion of liability and damages; and
- The Plaintiff's settlement demand and explanation.

**Defendant:** On or before **7/21/2016**, the Defendant must provide to all opposing counsel, the Assigned Settlement Judge(s) (listed above) a Settlement Conference Statement. The Statement **must** include the following:

- The name and role of each person expected to attend the Conference;
- The name and title of the person expected to attend with settlement authority[2];
- A summary of defenses;
- Discussion of liability and damages; and
- The Defendant's settlement offer and explanation.

**(B)** **Attendance of the Parties and Counsel; Settlement Authority; Insurance**

Unless excused by the Settlement Judge, all Parties must attend the Settlement Conference. The Lead Counsel who will try the case must appear at the Conference along with an individual who has authority to settle the case. Having a client with such authority available by telephone is

---

[1] The Court expects that either the named person, or, in the event of unforeseen events, a different person of equivalent organization rank will attend.

[2] See note 1, *supra*.

generally not an acceptable alternative. The purpose of this requirement is to have a person present for each party who can, in his or her discretion, settle the case during the Conference without consulting a superior.

In order for the Settlement Conference to be successful, the Parties must have someone present at the Conference with **Settlement Authority**. This requires the following:

- Corporation or other such entity. A corporation must be represented by a person (other than outside counsel) who is authorized to settle the case, can exercise independent negotiation and settlement judgment, and knows the facts of the case.
- Government entity. A governmental unit or agency must be represented by a person who has, to the greatest extent feasible, authority to settle, and who knows the facts of the case, the governmental unit's positions, and the procedures and policies under which the governmental unit decides whether or not to accept a proposed settlement. In addition, the person attending the Conference on behalf of the government must, prior to the Conference, ascertain the ultimate decision-maker in the agency and ensure that that person is fully versed on the issues in the case. If the action is brought by the government on behalf of one or more individuals, at least one such individual must also attend.

If the person attending the Settlement Conference does not have settlement authority this must be made clear to all Parties and the settlement judge **before** the Settlement Conference with an explanation as to why the person appearing lacks full authority and why the Settlement Conference should still go forward.

If Board approval is required to authorize settlement, attendance of the entire Board is requested. The attendance of at least one sitting Board member (preferably the Chairman) is **absolutely required.**

An insured party shall appear with a representative of the insurer who is authorized to negotiate and to settle the matter within policy limits. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

**II.**

***GENERAL BACKGROUND ON THE COURT'S ADR PROGRAM***

**(A)     Assignment for Settlement Conference**

This case has been assigned for a Settlement Conference through the Court-sponsored Alternative Dispute Resolution (ADR) program. Specific requirements imposed by this Court are set forth in its Local Rules. *See* LCvR16.2. Counsel must familiarize themselves with the Local Rule and this Settlement Conference Order. More information on the Court's ADR program is

contained in an excellent law journal article, Cheryl L. Baber, "Alternative Dispute Resolution in the United States District Court for the Northern District of Oklahoma," 36 Tulsa L.J. 819 [Summer 2001]. A link to the article is available on the Court's web site: http://www.oknd.uscourts.gov.

**(B)      Confidentiality**

All communications regarding the Settlement Conference are confidential. Communications between the Parties may not be used for any purpose except, perhaps, in proceedings to enforce a settlement agreement. The terms of any settlement offer or response are confidential and may not be used for any purpose in the litigation. This is a fundamental concept of the Settlement Conference. Violation of this rule may result in a significant sanction by the Court.

**(C)      Settlement Judge**

Your Settlement Conference will be held before either a United States Magistrate Judge or one of the Court's Adjunct Settlement Judges. LCvR16.2(c). Adjunct Settlement Judges are private attorneys who have been selected by the Court to serve on its panel of mediators based on their experience, demeanor and expertise. An Adjunct Settlement Judge should be treated with the same respect that parties and counsel afford a U.S. Magistrate Judge or other judicial officer.

**(D)      Court Order**

This is an Order of the U.S. District Court. Failure to comply with the terms of this Order could subject a party or counsel to sanctions or even contempt proceedings. All Parties and Lead Counsel are **ORDERED TO APPEAR** at the Page Belcher Federal Courthouse, 333 West Fourth St., Courtroom # 2, Third Floor, Tulsa, OK, or at such other location as is noted herein, on the date and time set forth herein. The following are obligations of the Parties and Counsel and the Court's expectations with regard to the Conference. These obligations are mandatory. Failure to comply with this Settlement Conference Order may result in an award of sanctions against the non-compliant Party/Counsel.

**(E)      Preparation**

All civil cases set on a trial docket in this District are scheduled for Settlement Conference. The vast majority of civil cases settle before trial. Therefore, Parties and Counsel need to prepare for the Settlement Conference as seriously as they prepare for trial. That means counsel must discuss the possible terms of a settlement with the client and engage opposing counsel in a discussion of the subject. It requires counsel to analyze and assess the reasonable settlement value of the case and to be prepared to explore these issues in detail at the Settlement Conference. Counsel must advise the Court should the case settle or is otherwise disposed of before the scheduled Settlement Conference.

**(F)      Rescheduling a Settlement Conference Is Disfavored**

Settlement Conferences require the reservation of large blocks of time and scheduling adjustments by the Court and the Settlement Judge. The administrative burden of rescheduling a Conference is significant; thus, motions for the continuance of a Settlement Conference are discouraged. If it becomes apparent that the Conference as scheduled will likely be a waste of time, the **attorneys must immediately notify** Magistrate Judge Paul J. Cleary and the assigned Adjunct Settlement Judge so that appropriate action can be taken. This should be done well before the scheduled Conference.

A Motion to reschedule a Conference for the convenience of any Party will ordinarily not be entertained unless the Motion is submitted to the Settlement Judge and filed with the Court at least seven (7) days prior to the Conference. Any such Motion must contain both a statement setting forth good cause for a continuance and a recitation of whether or not the continuance is opposed by any other party.

**NOTE:** Parties and counsel are reminded that Settlement Conferences are scheduled separately from the trial judge's trial deadlines. Thus, if the trial schedule is amended, the Settlement Conference schedule is *not* automatically amended. Requests to revise the Settlement Conference schedule must be made separately from a request to amend the trial judge's Scheduling Order.

### III.
### *PROCEDURE AT THE CONFERENCE*

Generally, the Settlement Conference will follow a typical mediation format. Each side will be given an opportunity to explain its view of the case. This will be followed by joint discussion and private caucuses. Among the issues the Parties should be prepared to discuss are their objective(s) in the litigation; any issues outside the lawsuit that need to be resolved; the strengths and weaknesses of the case; agreements and disagreements as to facts and law; impediments to settlement; available remedies; and any creative possibilities that might settle the case.

The written Settlement Conference statements and oral statements made during the Settlement Conference may not be used for any purpose outside of the Conference or a proceeding to enforce a settlement agreement that is reached at the Conference. Therefore, Parties are encouraged to speak openly and frankly about the issues in the case.

For many clients this will be their first experience with a Settlement Conference; therefore, counsel shall provide the client or insurance representative with a copy of this Order and the Court's ADR brochure (available at the Court's web site) and discuss the Party's obligations before the Conference. The Court expects that both the lawyers and party representatives will be fully prepared to participate meaningfully in the process.

## IV.
### *STRIKING A SETTLEMENT CONFERENCE IS RARELY DONE*

All civil cases filed in this District are expected to go through the settlement process. If the Parties believe that exceptional circumstances exist making a Settlement Conference inappropriate, they should file a Motion advising the assigned trial judge of these circumstances and requesting that the Conference be stricken. This must be done well before the scheduled Conference and the circumstances justifying such action must be truly exceptional.

## V.
### *CONSEQUENCES OF NON-COMPLIANCE WITH THIS ORDER*

This is a Court Order. Upon certification by the Settlement Judge or Adjunct Settlement Judge of circumstances showing non-compliance with this Order the trial judge or the assigned Magistrate Judge may take any corrective action permitted by law. Such action may include contempt proceedings and/or assessment of costs, expenses and attorney fees, together with any additional measures deemed by the Court to be appropriate under the circumstances.

**SO ORDERED** this 4th day of April, 2016.

_____
Paul J. Cleary
United States Magistrate Judge